Cavanagh, J.
I concur with the result in this case that MCL 421.27(f)(1) required coordination of plaintiffs unemployment benefits with her pension benefits. However, I write separately because in reaching this result, it is not necessary for the majority to adopt the dissent’s approach from White v McLouth Steel Products, decided sub nom Corbett v Plymouth Twp, 453 Mich 522; 556 NW2d 478 (1996), and to over *325 rule White to the extent that it is inconsistent with today’s holding. In White, this Court construed MCL 418.354(1)(d) of the Worker’s Disability Compensation Act (wdca), which provided that worker’s compensation benefits be coordinated with “[t]he after-tax amount of the pension or retirement payments received or being received . . . .” (Emphasis added.) The White Court stated:
The construction that we adopt is consistent with the language of the statute, which provides for an offset “of the after-tax amount of the pension or retirement payments received or being received by the employee . . . .” (Emphasis added.) By reason of the tax-free aspect of a rollover into an ira, there is no taxable event and, hence, no tax or “after-tax amount” that is “received or being received.” [White, supra at 547.]
The instant case involves an unemployment benefits statute that is similar to the worker’s compensation statute in White, but does not contain the “after-tax” language. Although the remaining language in these statutes is similar, it is not identical. The two statutes are clearly different; they contain materially different language and arguably serve different purposes.
Because of the differences between these statutes, the majority does not need to address White. The White Court clearly stated that its holding was based on the “after-tax” language in the wdca statute it was construing.